

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00113-CR

_____

WILLIE MACK ADAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 3rd District Court
Anderson County, Texas
Trial Court No. 30508

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Willie Adams has appealed[1] from his conviction by a jury of engaging in an organized criminal activity by passing a forged check. The trial court assessed punishment and sentenced Adams to thirty-five years' imprisonment. At trial, Adams admitted doing the acts, but claimed he did so only under duress.

Adams' attorney on appeal has filed a brief which states that he has reviewed the record, very briefly summarizes the evidence elicited during the course of the proceeding, sets out the procedural history, and states that he has found no issues that could be raised. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Adams on December 12, 2012, along with a copy of his motion to withdraw and his letter informing Adams of his right to file a pro se response and offering to provide him with a copy of the record should he choose to do so. Counsel has, therefore, also filed a motion with this Court seeking to withdraw as counsel in this appeal.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex.

Crim. App. 2005).

We affirm the judgment of the trial court.[2]

Bailey C. Moseley
Justice

Date Submitted:    February 21, 2013
Date Decided:      February 22, 2013

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.